IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OSIRIS C. TERRY, | ) CIVIL NO. 13-00295 LEK-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PLAINTIFF'S REQUEST FOR |
| vs. | ) APPOINTMENT OF COUNSEL |
| | ) |
| HAWAII AIR NATIONAL GUARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL[1]

Plaintiff Osiris C. Terry filed a Complaint against Defendant alleging that it violated Title VII of the Civil Rights Act of 1964 when it retaliated against him for filing prior complaints of discrimination based on his race.  ECF No. 1 at 2. Specifically, Plaintiff alleges that he was only allowed to reenlist for one year, when he requested to reenlist for three to six years.  Id.  Plaintiff attached to his Complaint a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") dated March 14, 2013.  ECF No. 1-1.  Plaintiff also filed a Request for Appointment of Counsel Under Civil Rights Act of 1964 42 U.S.C. § 2000e-5(f)(1)(B).  ECF No. 3.  The Court

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After carefully reviewing Plaintiff's submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

## DISCUSSION

Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ."  42 U.S.C. § 2000e-5(f)(1).  There is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of Regents of Univ. of Ala., 673 F.2d 266, 269 (9th Cir. 1982).  "The decision to appoint counsel is left to the sound discretion of the district court."  Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted).  The court should consider the following three factors in determining whether to appoint counsel "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."  Id. at 416-17 (citations omitted).

1. Plaintiff's Financial Resources

First, Plaintiff indicates that he is employed by the Hawaii Air National Guard and makes $220 per month.  ECF No. 3 at

5. Plaintiff's only additional income is funds he received through the GI Bill. Id. at 6. Based on the information provided by Plaintiff, the Court finds that Plaintiff's financial resources weigh in favor of appointing counsel.

### 2. Plaintiff's Efforts to Obtain Counsel

Second, the Court considers whether Plaintiff made "what can be considered a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981). Here, Plaintiff does not list any attorneys that he contacted to request that they represent him in this matter. See ECF No. 3 at 4. The Court finds that this does not constitute a "reasonably diligent effort" to obtain counsel. See Bradshaw, 662 F.2d at 1319. The Court finds that this factor weighs against appointing counsel.

### 3. The Merits of Plaintiff's Claim

Third, Plaintiff must show that his claim has "some merit." Bradshaw, 662 F.2d at 1319. In deciding whether a claim has some merit, "the EEOC determination regarding 'reasonable cause' should be given appropriate weight." Bradshaw, 662 F.2d at 1319-20. Here, the EEOC's notice stated that the EEOC was closing its file on Plaintiff's charge because Defendant "is not otherwise covered by the statutes." ECF No. 1-1 at 1. Plaintiff does not address the EEOC's determination in his Complaint or in

his Request for Appointment of Counsel.

Included in the material provided by Plaintiff with his Complaint is a letter from the State of Hawaii Department of Defense, which states that Plaintiff is a "dual-status National Guard federal technician in the Hawaii Air National Guard." ECF No. 1-2 at 57.  Under Ninth Circuit precedent, a dual status military and civilian employee's Title VII claims are generally barred by the intra-military immunity doctrine.  <u>Zuress v. Donley</u>, 606 F.3d 1249, 1250, 1252–55 (9th Cir. 2010); <u>see</u> also <u>Mier v. Owens</u>, 57 F.3d 747, 748 (9th Cir. 1995) ("Title VII applies to Guard technicians except when they challenge personnel actions integrally related to the military's unique structure.").  Here, Plaintiff is claiming that his supervisor retaliated against him by only allowing Plaintiff to reenlist for one year.  <u>See</u> ECF No. 1 at 2.  It is likely that Plaintiff's claim related to reenlistment would be considered a claim related to military activity or a military decision, which would be barred under the intra-military immunity doctrine.  <u>See</u> <u>Feres v. U.S.</u>, 340 135, 138, 146 (1950).  In light of the EEOC's decision that Defendant is not covered by the statutes and the relevant Ninth Circuit precedent, the Court cannot find that Plaintiff's claim has "some merit."  Therefore, the Court finds that the third factor weighs against the appointment of counsel.

As noted above, the appointment of counsel in

employment discrimination cases is discretionary, and there is no constitutional right to counsel.  The Court observes that Plaintiff appears capable of articulating the facts and legal issues and is seemingly able to proceed pro se.  See Miljkovic v. Univ. of Haw., Civ. No. 09-00064 ACK-KSC, 2010 WL 346450 at *1 (D. Haw. Jan. 27, 2010) (citing Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Darden v. Ill. Bell Tel. Co., 797 F.2d 497, 501 (7th Cir. 1986)).  Further, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  Id.  Balancing the foregoing factors, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 17, 2013.



Richard L. Puglisi
United States Magistrate Judge

**TERRY V. HAWAII AIR NATIONAL GUARD; CIVIL NO. 13-00295 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**