IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OSIRIS TERRY, | ) CIVIL NO. 13-00295 LEK-RLP |
| Plaintiff, | ) |
| vs. | ) |
| HAWAII AIR NATIONAL GUARD, | ) |
| Defendant. | ) |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SERVICE**

Before the Court is Defendant Hawaii Air National Guard's ("Defendant") Motion to Dismiss for Lack of Service ("Motion"), filed on July 2, 2013. [Dkt. no. 9.] Pro se Plaintiff Osiris Terry ("Plaintiff") did not respond to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. The hearing on the Motion, currently scheduled for August 19, 2013 at 11:15 a.m., is therefore VACATED. After careful consideration of the Motion and the relevant legal authority, Defendant's Motion is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

On June 12, 2013, Plaintiff filed his Employment Discrimination Complaint ("Complaint") alleging race discrimination. Plaintiff attempted to serve Defendant on

June 26, 2013.  Lieutenant Colonel David A. Lopina ("Lopina")[1] signed the Proof of Service acknowledging receipt of documents in this case, but the Complaint was not included within the documents presented to him.  [Motion, Decl. of David A. Lopina ("Lopina Decl.") at ¶ 4.]  The signed Proof of Service was filed on June 26, 2013.  [Dkt. no. 8.]

Lopina forwarded the documents that he received to the State of Hawai`i Department of the Attorney General ("AG's Office").  [Motion, Decl. of Julian T. White ("White Decl.") at ¶ 4.[2]]  Plaintiff has not served the Complaint on either the AG's Office or the Office of the Governor of the State of Hawai`i.  Further, Plaintiff has not served either the United States Attorney's Office for the District of Hawai`i or the United States Attorney General.  [Id. at ¶¶ 6-7, 9.]  In the instant Motion, Defendant seeks dismissal of Plaintiff's Complaint for improper service.

## DISCUSSION

Defendant is correct that the attempted service on Defendant through Lopina was improper because, among other reasons, Plaintiff did not provide a copy of the Complaint.  See

---

[1] Lopina is an attorney licensed to practice in this district court.  He is the Staff Judge Advocate for the Hawaii National Guard.  [Motion, Decl. of David A. Lopina at ¶ 2.]

[2] Deputy Attorney General Julian T. White represents Defendant in this action.  [White Decl. at ¶ 3.]

Fed. R. Civ. P. 4(c) ("A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").  This Court therefore STRIKES the Proof of Service filed on June 26, 2013.  This Court, however, finds that dismissal for lack of service is not warranted at this time.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days from the filing of the Complaint to complete service.  Rule 4(m) states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Plaintiff filed the Complaint on June 12, 2013.  The 120-day period expires on October 10, 2013.  Insofar as Plaintiff still has approximately two months to complete service on Defendant, and in light of the fact that Plaintiff is proceeding pro se, this Court DENIES Defendant's Motion WITHOUT PREJUDICE.

The Court DIRECTS Plaintiff to consult Federal Rule of Civil Procedure 4(j)(2) for the requirements to serve a state entity.  The Court also notes that Federal Rule of Civil Procedure 4(i) sets forth the requirements to serve the United States and its agencies.  At this time, however, the Court

expresses no opinion on the question of whether the Hawaii Air National Guard is an agency of the United States or is merely a state entity.

If Plaintiff believes that he will be unable to complete service by October 10, 2013, Plaintiff should file a motion requesting an extension of time to complete service.  The motion must state the reason why Plaintiff will not able to complete service within the 120-day period, and Plaintiff must specify how much additional time he requests.  Plaintiff should file the motion prior to October 10, 2013.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss for Lack of Service, filed July 2, 2013, is HEREBY DENIED WITHOUT PREJUDICE.  This Court, however, STRIKES the Proof of Service filed on June 26, 2013.  [Dkt. no. 8.]

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 1, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**OSIRIS TERRY V. HAWAII AIR NATIONAL GUARD; CIVIL NO. 13-00295 LEK-RLP; ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR LACK OF SERVICE**