IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OSIRIS TERRY, | ) | CIVIL NO. 13-00295 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| HAWAII AIR NATIONAL GUARD, | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF SEPTEMBER 25, 2014 ORDER GRANTING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

On September 25, 2014, this Court issued its Order Granting Defendant's Motion for Summary Judgment ("9/25/14 Order").[1] [Dkt. no. 51.] On September 30, 2014, pro se Plaintiff Osiris Terry ("Plaintiff") filed his motion for reconsideration of the 9/25/14 Order ("Motion for Reconsideration"). [Dkt. no. 52.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration and the relevant legal authority, Plaintiff's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

---

[1] Defendant Hawaii Air National Guard ("Defendant") filed its Motion for Summary Judgment on May 16, 2014. [Dkt. no. 33.]

**BACKGROUND**

The parties and this Court are familiar with the factual and procedural background in this case, and this Court will only discuss the background that is relevant to the instant Motion for Reconsideration.

On June 12, 2013, Plaintiff filed his Employment Discrimination Complaint ("Complaint") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* [Dkt. no. 1.] In the 9/25/14 Order, this Court found that: 1) it was undisputed that, at the time of the alleged Title VII violations, Plaintiff was employed as a member of the Hawaii Air National Guard; [9/25/14 Order at 6;] and 2) even if this Court assumed that Plaintiff's position was a dual status technician position, the decision whether or not to grant Plaintiff's request for a six-year term of re-enlistment was the type of decision that is "'central to maintenance of the military's hierarchy'" [id. at 8 (quoting Mier v. Owens, 57 F.3d 747, 751 (9th Cir. 1995))]. This Court therefore concluded that the law does not permit Plaintiff to bring Title VII claims based on the decision to grant him a one-year term of re-enlistment instead of the requested six-year term. [Id.]

Plaintiff's Motion for Reconsideration followed.

## STANDARD

This district court has recognized that:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Morris v. McHugh, 997 F. Supp. 2d 1144, 1172 (D. Hawai`i 2014) (footnote omitted).

## DISCUSSION

In the Motion for Reconsideration, Plaintiff provides additional information about his prior positions with the Hawaii Air National Guard and about the decision to extend his term of re-enlistment for only one year instead of six. In the 9/25/14 Order, this Court noted that Defendant submitted evidence that Plaintiff's commander denied the request for a six-year term because Plaintiff lacked training on a new generation of aircraft. [9/25/14 Order at 4.] In the Motion for Reconsideration, Plaintiff asserts that he was denied that training until 2013 for discriminatory reasons. He also points out that, in addition to being denied mandatory training, he was

also denied "open positions" and was subjected to hazing, harassment, and shame.  [Motion for Reconsideration at 3.]

This Court commends Plaintiff for his long years of service in the Hawaii Air National Guard, and this Court understands that Plaintiff believes that he was mistreated in his position.  Unfortunately, as explained in the 9/25/14 Order, the law does not allow Plaintiff to bring a Title VII action to challenge the decision to extend his term of re-enlistment for only one year instead of for the six years that he requested.

Plaintiff's Motion for Reconsideration does not present either newly discovered evidence or an intervening change in the controlling law.  Further, Plaintiff has not established that the 9/25/14 Order was the result of clear error or that it was manifestly unjust.  See Morris, 997 F. Supp. 2d at 1172.  This Court therefore CONCLUDES that there is no ground which warrants reconsideration of the 9/25/14 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of the Instant Order, filed September 30, 2014, is HEREBY DENIED.  This Court DIRECTS the Clerk's Office to enter final judgment and close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 8, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**OSIRIS TERRY VS. HAWAII AIR NATIONAL GUARD; CIVIL 13-00235 LEK-RLP; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF SEPTEMBER 25, 2014 ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**